IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LUCAS,

          Plaintiff,             1: 08 CV 0515 AWI WMW PC

    vs.                         FINDINGS AND RECOMMENDATIONS RE MOTIONS

                                (DOCUMENTS 9, 10)

JAMES TILTON, et al.,

          Defendants.

      Plaintiff has filed a motion for summary judgment and a motion for injunctive relief.  An order has been entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint.  There is therefore no operative pleading in this action.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either

1

1   approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an

2   injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a

3   bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or

4   questions serious enough to require litigation." Id.

5        Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

6   must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102

7   (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,

8   454 U.S. 464, 471,(1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If

9   the court does not have an actual case or controversy before it, it has no power to hear the matter

10  in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the

11  parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights

12  of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727

13  (9th Cir. 1985) (emphasis added).  The court has dismissed plaintiff's amended complaint, with

14  leave to amend, for failure to state any claims upon which relief may be granted. Thus, at this

15  point in time, there is no case or controversy before the court, and the court has no jurisdiction to

16  issue any preliminary injunctions.

17       As to Plaintiff's motion for summary judgment, the complaint on which this action

18  proceeds fails to allege facts sufficient to state a claim for relief.  There can therefore be no

19  undisputed issues of material fact in Plaintiff's favor.  Further, there has been no service of

20  process, and no defendant has entered an appearance.

21       Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive

22  relief and motion for summary judgment be denied.

23       These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days

25  after being served with these findings and recommendations, any party may file written

26

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.   The parties are advised

that failure to file objections within the specified time waives all objections to the judge's

findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file

objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 14, 2009**                      **/s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE