# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LUCAS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES E. TILTON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00515-AWI-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION<br><br>(Doc. 18)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Michael Lucas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 13, 2009, Plaintiff filed a motion for injunctive relief. (Doc. #18.)

Plaintiff seeks an order from the Court requiring prison officials to allow Plaintiff to participate in the family visiting program and procreate with his wife. Plaintiff claims that as a Muslim, he is obligated by his religion to impregnate his wife. Plaintiff claims that if he does not impregnate his wife, he may not have the opportunity to do so in the future and will therefore fail to uphold his religious obligations.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

///

1

that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff is not entitled to the injunctive relief that he seeks. Plaintiff's motion for injunctive relief is procedurally defective. Defendants have not yet been served and have not made an appearance in this action. Under Federal Rule of Civil Procedure 65(b), the Court may only issue a temporary restraining order without notice to the adverse party only if "specific facts . . . clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition" and Plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff has failed to make either showing. Plaintiff has not presented any argument as to why injunctive relief must issue before Defendants have been given notice and can be heard in opposition. Further, the only indication of Plaintiff's effort to provide the adverse party with notice of his motion for injunctive relief is his "Proof of Service." Plaintiff's "Proof of Service" declares that Plaintiff attempted to serve his motion on Defendants by mailing it to this Court. Defendants neither live nor work at the United States District Court for the Eastern District of California. Thus, the attempt to provide Defendants with notice by mailing the motion to the Court was highly ineffective.

///

The Court will also address the substantive merits of Plaintiff's motion. First, Plaintiff has not made any effort to establish that he is likely to proceed on the merits of his case. Second, Plaintiff has provided scant evidence that he is likely to suffer irreparable harm. Plaintiff's only supporting evidence is his own declaration that the Muslim faith imposes an obligation to procreate. Plaintiff has not provided the Court with any religious text, or a declaration a Muslim chaplain or religious expert that corroborates Plaintiff's claim.

The third factor, the balance of the equities, does not favor Plaintiff. The Supreme Court has stated that during "confinement in prison, the right of intimate association . . . is necessarily abridged." Gerber v. Hickman, 291 F.3d 617, 620 (2002) (quoting Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984)). "The loss of the right to intimate association is simply part and parcel of being imprisoned for conviction of a crime." Id. "[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits." Id. at 621. The balance of equities do not favor Plaintiff because the loss of intimate association is a well-known aspect of being imprisoned for conviction of a crime. Further, the balance of equities does not favor Plaintiff because Plaintiff has not convincingly demonstrated that he will suffer irreparable harm by waiting for the resolution of this case on the merits. Plaintiff has not provided evidence that suggests that his faith demands that he impregnate his wife right now, as opposed to waiting until after resolution of the merits of this case.

Finally, Plaintiff has made no argument as to why injunctive relief would be in the public's interest. Based on the foregoing reasons, the Court finds that Plaintiff is not entitled to a temporary restraining order or a preliminary injunction.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed on August 13, 2009, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served

and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 2, 2010**          /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE