1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  MICHAEL LUCAS,                          )  CASE NO. 1:08-cv-00515-AWI GSA PC
                                          )
10            Plaintiff,                    )  FINDINGS AND RECOMMENDATIONS
                                          )  THAT THIS ACTION BE DISMISSED FOR
11       v.                                )  FAILURE TO STATE A CLAIM UPON
                                          )  WHICH RELIEF COULD BE GRANTED
12  JAMES TILTON, et al.,                   )
                                          )  OBJECTIONS DUE IN THIRTY DAYS
13            Defendants.                   )
   _____ /

14

15

16  **I.       Screening Requirement**

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant

19  to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.    This action proceeds on the first amended

20  complaint, filed in response to an order dismissing the original complaint and granting Plaintiff leave

21  to file an amended complaint. Plaintiff names the following individual defendants: James E. Tilton;

22  N. Dawson; N. Lopez; A. S. Muhammad.

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

Case 1:08-cv-00515-AWI-GSA   Document 22   Filed 06/17/10   Page 2 of 4

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading

9  standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

10  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

11  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

12  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

13  **II.      Plaintiff's Claims**

14        In the order dismissing the original complaint, the Court noted the following allegations. The

15  events at issue occurred at Avenal State Prison. Plaintiff is seeking accommodation to "allow him

16  to fulfill his Islamic duties and make pregnant his wife." Plaintiff specifically seeks accommodation

17  for either a conjugal visit or to have a semen sample of his sent to his wife.

18        The Court advised Plaintiff of the following requirements to state a claim for relief. It is well

19  settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal

20  visits. <u>Gerber v. Hickman</u>, 291 F.3d 617, 621 (9th Cir. 2002), citing <u>Kentucky Dep't of Corrs. v.</u>

21  <u>Thompson</u>, 490 U.S. 454, 460 (1989)(no due process right to unfettered visitation); <u>Hernandez v.</u>

22  <u>Coughlin</u>, 18 F.3d 133, 137 (2nd Cir. 1994)(no constitutional right to conjugal visits). The fact that

23  California prison officials may choose to permit some inmates the privilege of conjugal visits is

24  simply irrelevant to whether there is a constitutional right to procreate while in prison. <u>Gerber</u>, 291

25  F.3d at 621. Plaintiff did not allege any facts in the original complaint indicating that he had been

26  deprived of a protected interest.

27        In the first amended complaint, Plaintiff sets forth the following statement of claim, in its

28  entirety.

2

1
2
3
4
5
6

> All of the Defendants denied Plaintiff any accommodations to fulfill his religious practice.  N. Dawson and N. Lopez deny Plaintiff his liberty right based on CCR sections that do not pertain to plaintiff. James Tilton denies plaintiff his rights based on statements from Muslim chaplain and CCR sections.  James Tilton is in violation of plaintiff's rights and has place a burden on plaintiff that is substantial, oppressive, and potentially irreparable.  A.S. Muhammad violated plaintiff's rights by judging wrongly plaintiff's beliefs and stating his beliefs as plaintiff's, therefore denying plaintiff the freedom of his religion, and surcumventing [sic] plaintiff's rehabilitation.

7    (Am. Compl. ¶ IV.)

8    In the order dismissing the original complaint, Plaintiff was advised, in addition to the

9    substantive requirements for stating a claim, of the pleading requirements.  In addition to the Rule

10   8 language referred to above, Plaintiff was specifically advised that he must state what each named

11   defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Hydrick

12   v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).   Although accepted as true, "[f]actual allegations

13   must be [sufficient] to raise a right to relief above the speculative level . . ."  Bell Atlantic Corp. v.

14   Twombly, 127 S.Ct. 1955, 1965 (2007)(citations omitted).

15   The Court finds the allegations in the first amended complaint vague and conclusory.  In the

16   original complaint, Plaintiff clearly articulated his claim that he was denied, in his view, the right

17   to procreate.  Plaintiff was provided legal authority for the proposition that he clearly does not have

18   a protected interest in procreation or conjugal visits.   In the amended complaint, Plaintiff identifies

19   individual defendants and sets forth conclusory statements that they violated his rights.

20   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the

21   cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

22   S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff

23   must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its

24   face.'"  Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555.  While factual allegations are

25   accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

26   In the order dismissing the original complaint, Plaintiff was advised of the deficiencies in his

27   complaint and granted leave to file an amended complaint.  Because Plaintiff has not cured the

28   deficiencies in the amended complaint, the court recommends dismissal of the claims with prejudice

1  for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809

2  F. 2d 1446, 1448 (9ᵗʰ Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to

3  amend prior to dismissing for failure to state a claim).

4         Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

5  failure to state a claim upon which relief can be granted.

6         These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

8  thirty days after being served with these findings and recommendations, plaintiff may file written

9  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

10 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11 specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d

12 449, 455 (9ᵗʰ Cir. 1998).  Failure to file objections within the specified time may waive the right to

13 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14

15

16    IT IS SO ORDERED.

17    **Dated:    June 16, 2010**                        **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28